United States District Court
Southern District of Texas
**ENTERED**
March 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL RENTFROW, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:19-CV-3507 |
| § | |
| JP MORGAN CHASE BANK, NATIONAL § | |
| ASSOCIATION AND ANY TO ACT AS § | |
| SUBSTITUTE TRUSTEE, § | |
|    *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint.[1] Dkt. 20. Plaintiff did not file a timely response.[2] The court recommends that Defendant's Rule 12(b)(6) motion be granted, and this case be dismissed with prejudice.

### I.   BACKGROUND

The following facts are alleged in Plaintiff Michael Rentfrow's First Amended Complaint. Dkt. 18. Rentfrow obtained a Veterans Affairs Loan to purchase residential property in Montgomery County, Texas. On June 29, 2007, he executed a Promissory Note payable to Earth Mortgage, Inc. in the principal amount of $359,670.00 and a Deed of Trust with Scott R. Valby as Trustee. On December 8, 2011 the original lender assigned the loan to Defendant. In December 2013, Plaintiff suffered a catastrophic accident and became delinquent on his loan obligations. He obtained a loan modification on November 1, 2014. Three years later, Defendant gave Plaintiff a

---

[1] The District Court has referred this matter to this Magistrate Judge for report and recommendation. Dkt. 19.

[2] Under Local Rules for the Southern District of Texas, the Court may construe Plaintiff's failure to respond as an indication the motion is unopposed. LOC. R. S.D. TEX. 7.4. While it is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response, *See Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (W.D. Tex. Dec. 19, 2017), Plaintiff has presented no facts that plausibly state a claim for relief and the Court concludes amendment would be futile. *Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018).

one-year forbearance in the wake of Hurricane Harvey in 2017. At the end of the forbearance period, Plaintiff applied for a further loan modification, but in December 2018 his request was denied. Despite the one-year forbearance, Defendant allegedly told Plaintiff that he was not eligible for a loan modification because he had not made payments during the previous 12 months.

On June 15, 2019, allegedly without proper notice, Defendant initiated foreclosure proceedings under Texas Property Code §51.002(b). Plaintiff filed an action in state court on August 5, 2019 and obtained an ex parte temporary restraining order to halt the foreclosure sale noticed for August 6, 2019. Defendant was served with the state court citation and petition on August 19, 2019 and removed the action to federal court on the basis of diversity jurisdiction on September 17, 2019. After removal, Defendant filed a motion to dismiss, which was denied as moot after Plaintiff filed an Amended Complaint. Defendant now moves to dismiss Plaintiff's Amended Complaint.

## II. ANALYSIS

### A. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v.*

*Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.  *See* FED. R. CIV. P. 12(d).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir.2007).  In this case, the Court takes judicial notice of the Deed of Trust for the subject property (Dkt.20-1), the Notice of Federal Tax Lien on the subject property (Dkt. 20-2), and the November 1, 2014 written Loan Modification (Dkt. 1-1 at 33-42).

### B. Plaintiff's Breach of Contract Claim

Under Texas law, "[t]he elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff." *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 825 (Tex. App. – Fort Worth 2008, no pet.); *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016).  Plaintiff alleges "Defendant breached paragraph 22 of the Deed of Trust by never serving or providing the Notice of Substitute Trustee's Sale."  Dkt. 18 at ¶ 33.

There can be no dispute that the Deed of Trust is a valid contract.  Assuming both that Plaintiff satisfies the second element of a breach of contract claim, and the truth of Plaintiff's

allegation that Defendant did not provide proper notice, Plaintiff nonetheless cannot state a claim for breach of contract. Plaintiff does not and cannot allege the required element of damages that resulted from the breach or lack of notice. No foreclosure sale has taken place and Plaintiff remains in possession of the property. Dkt. 18 at ¶ 2; Dkt. 20 at 10. Plaintiff cannot plausibly allege he has suffered damages resulting from the alleged breach, *i.e.*, Defendant's failure to provide proper notice of the August 6, 2019 foreclosure sale, because the sale did not occur. Therefore, as a matter of law, Plaintiff cannot demonstrate all the required elements of a breach of contract claim and Defendant's motion to dismiss the claim should be granted.

### C. Plaintiff's Fraud Claim

The elements of common-law fraud are: (1) the defendant made a material representation to the plaintiff; (2) the representation was false; (3) the defendant knew the representation was false or made the misrepresentation recklessly, without knowledge of the truth; (4) the defendant intended for the plaintiff to act on the misrepresentation; (5) the plaintiff relied on the misrepresentation; and (6) the plaintiff incurred damages. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998); *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018). If the representation pertains to future performance, the plaintiff must also establish that the promise was made with no intention of performing at the time it was made. *Id.*

Plaintiff's fraud allegations center on his November 1, 2014 loan modification which resulted in an "untenable" increase of approximately $100,000 in the principal amount of the loan. Dkt. 18 at ¶ 36. Plaintiff alleges that Defendant committed fraud by failing to tell him that the principal amount of the loan would increase if he agreed to the modification. Plaintiff also alleges other fraudulent conduct by the Defendant on which Plaintiff relied to his detriment, including: demanding payments and proceeding with foreclosure efforts; accepting payments then failing to

4

provide proper notices of default and opportunity to cure; and forcing Plaintiff to resubmit documents many times. *Id.* at ¶ 37.

Plaintiff has failed to state a claim for fraud for at least four reasons: (1) he has failed to satisfy the pleading standards for a fraud claim set forth in Federal Rule of Civil Procedure 9(b); (2) the language on the face of the written loan modification precludes the necessary element of justifiable reliance; (3) any fraud claim based on Defendant's oral representations is barred by the statute of frauds; and (4) any fraud claim arising from Defendant's representations in connection with the November 2014 modification is barred by the statute of limitations.

### 1. The fraud claims do not satisfy the requirements of Rule 9(b).

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." In the Fifth Circuit, pleading fraud with particularity requires a plaintiff to allege the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Plaintiff's pleading falls far short of this standard. Indeed, the allegations in Paragraph 37 of the Amended Complaint do not allege *any* false representations by *any* particular person, but merely allege deficiencies in Defendant's attempt to foreclosure. While plaintiffs are generally afforded an opportunity to amend for failure to comply with Rule 9(b), *see Naranjo v. Universal Sur. of America*, 679 F. Supp. 2d 787, 800-01 (S. D. Tex. 2010), in this case Plaintiff was granted leave to amend previously and has not requested leave to amend again. Given these factors and additional grounds for dismissal discussed below, leave to amend is not warranted.

5

### 2. Plaintiff cannot demonstrate the element of justifiable reliance.

Plaintiff cannot state a claim for fraud because the terms of the written loan modification preclude his justifiable reliance on any representation, omission, or agreement that the approximately $100,000 in arrearages would not be added to the principal balance of his loan. Plaintiff admits he "signed and executed the paperwork sent to him and received the loan modification." Dkt. 18 at ¶ 18. Plaintiff does not allege he was tricked into signing the loan modification, or that the paperwork sent to him to review and sign contained a different principal balance than the amount in the final written agreement. Plaintiff knew the principal amount of his original mortgage was $359,670.00. Dkt. 18 at ¶ 9; Dkt. 1-1 at 31. The loan modification document he signed expressly states:

> The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts toward taxes, insurance, or other assessments. The new principal balance of my Note is **$453,130.56** ("New Principal Balance.").

Dkt. 1-1 at 34 (emphasis in original). Even if Defendant made oral misrepresentations or agreements which led plaintiff to believe the arrearages would be forgiven, Plaintiff was not entitled to justifiably rely on those oral representations in the face clear language in the loan modification stating:

> **THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

Dkt. 1-1 at 37 (emphasis in original). "Reliance upon an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement between the parties is not justified as a matter of law." *DRC Parts & Accessories, LLC v. Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App. – Houston [14th Dist.] 2003, pet. denied); *see also Schlumberger Tech. Corp. v.*

*Swanson*, 959 S.W.2d 171, 179 (Tex. 1997) ("fraud must be something more than merely oral representations that conflict with the terms of the written contract. . . . the fraud must be such that is 'prevents the coming into existence of any valid contract at all.'"). Because as a matter of law, Plaintiff cannot demonstrate justifiable reliance on Defendant's alleged misrepresentations, he cannot state a claim for fraud.

### 3. The fraud claims are barred by the statute of frauds.

To the extent Plaintiff alleges Defendant failed to make good on promises to allow further modification of the loan terms, the claim is barred by the statute of frauds. As pointed out above, the loan modification expressly disavows any oral agreements between the parties and put Plaintiff on notice that the written loan agreement represents the final agreement between the parties. Furthermore, any loan agreement for more than $50,000, any agreement to modify such a loan and any agreement to delay foreclosure on such a loan, must be in writing and signed by the party to be bound. TEX. BUS. & COM. CODE §26.02(b); *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (regarding loan modification); *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 328-29 (5th Cir. 2013) (regarding an agreement to delay foreclosure). Any promise regarding loan modification that is not included in the written agreement is barred by the statute of frauds and unenforceable. *Terna v. Wells Fargo Bank, N.A.*, No. 4:16-CV-03461, 2017 WL 6513990, at *3 (S.D. Tex. Nov. 20, 2017), *report and recommendation adopted*, No. 4:16-CV-3461, 2017 WL 6515686 (S.D. Tex. Dec. 18, 2017) ("Because such an oral agreement would have altered the terms of the parties' written loan agreement, which exceeded $50,000 in value, such an oral agreement is unenforceable under Texas' Statute of Frauds. *Bank of Texas, N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.—Dallas 2009, review dism'd w.o.j.")). Because the statute of

frauds bars Plaintiff's claims based on an alleged promise to modify the loan agreement, the claims should be dismissed.

### 4. The fraud claims are barred by the applicable statute of limitations.

Texas law imposes a four year statute of limitations for fraud claims. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4). A cause of action for fraud accrues, and the statute of limitations begins to run, when the claimant discovered or should have discovered the fraud by exercise of reasonable diligence. *Gallier v. Woodbury Fin. Servs., Inc.*, 171 F. Supp. 3d 552, 562–63 (S.D. Tex. 2016). To the extent Plaintiff alleges the Defendant committed fraud by increasing the amount of his principal note from $359,670.00 to $453,130.56, Plaintiff discovered the alleged fraud when he began making payments after signing the November 2014 loan modification. (Dkt. 18 at ¶ 18-19. ("[T]he modification which Plaintiff had been rewarded was not what he was told he would get. Chase increased the resulting principal balance to $453,130.56, approximately $100,000.00 dollars more than the original loan balance. … Horrified, Plaintiff began to make those payments…"). The first payment on the new principal balance of $453,130.56 was due on November 1, 2014 and interest on the new principal balance began to accrue on October 1, 2014. Dkt. 1-1 at 35. Thus, Plaintiff discovered or should have discovered the alleged fraud that led to the new principal balance of $453,130.56 by November 1, 2014.

Plaintiff did not file his state court petition alleging fraud in connection with the November 2014 loan modification until August 2019, more than four years after the cause of action accrued. Therefore, Plaintiffs fraud claims based on alleged misrepresentations in connection with the November 2014 loan modification are barred the four year statute of limitations. The fraud claims should be dismissed on this basis in addition to the other reasons detailed above.

### D. Plaintiff's RESPA and Regulation X Claim

Plaintiff purports to assert a claim against Defendant for violation of Regulation X, 12 C.F.R. § 1024.41.

> Regulation X implements RESPA. 12 C.F.R. § 1024.41. RESPA protects mortgagors by imposing certain obligations on loan-servicing companies. *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 191 (S.D. Tex. 2007) (Rosenthal, J.). Under RESPA, once a servicer receives a borrower's complete loss mitigation application, the former cannot foreclose before notifying the latter of its loss mitigation ineligibility. 12 C.F.R. § 1024.41 (f)(2)(i).

*Forscht v. Select Portfolio Servicing, Inc.*, No. CV H-17-2659, 2018 WL 1757610, at *2 (S.D. Tex. Apr. 12, 2018). RESPA, 12 U.S.C. § 2605(f), provides a private right of action for damages when a lender violates the provisions of Regulation X, 12 C.F.R. § 1024.41(f)(2).

Plaintiff alleges that although Defendant received his complete loss mitigation application, it failed to review the application, and instead, initiated foreclosure proceedings without the required notices. *See* Dkt. 18 at ¶ 43. Yet, Plaintiff acknowledges he learned in December 2018 that his loan modification was denied, and that he followed-up with Defendant in March and April 2019 regarding the reasons for the denial. Dkt. 18 at ¶¶ 24-25. Plaintiff was informed his loss mitigation application had been denied and he does not allege he filed a new application after the denial. Because Defendant informed Plaintiff of the denial of his loss mitigation application in December 2018, *before* making the June 2019 foreclosure filings, Plaintiff cannot state a claim for violation of Regulation X.

Moreover, because no foreclosure sale has occurred and Plaintiff still possesses the property, he has not been damaged by the alleged violation of Regulation X. *Obazee v. Bank of NY Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *4 (N.D. Tex. July 31, 2015) (holding that in order to state a claim for relief, a plaintiff must plausibly allege that he has sustained actual damages as a result of the Regulation X violation).

### E. Plaintiff's TDCA Claim

The Texas Debt Collection Act (TDCA) prohibits debt collectors from using threats, coercion, or other wrongful practices to collect consumer debts. *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). The elements of a cause of action for violation of the TDCA are: (1) the debt is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the defendant committed the wrongful act against the plaintiff; and (5) the plaintiff was injured by the defendant's wrongful act. *Birchler v. JPMorgan Chase*, Civil Action No. 4:14-cv-81, 2015 WL 1939438, at *5 (E.D. Tex. Apr. 29, 2015); TEX. FIN. CODE §§ 392.001-392.404.

Plaintiff alleges a TDCA claim based on Defendant's alleged failure to provide required foreclosure notices and the pursuit of foreclosure after Plaintiff's submission of a loss mitigation application. Plaintiff alleges Defendant's acts violate:

> TEX. FIN. CODE §392.301(a)(7)-*threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings*; and TEX. FIN. CODE §392.301(a)(8)-*threatening to take an action prohibited by law; and further* TEX. FIN. CODE § 392.304(a)(8) – *misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer's debt status in a judicial or governmental proceeding*; and TEX. FIN. CODE § 392.304(a)(19) – *using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer* and which violations are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

Dkt. 18 at ¶ 47. Plaintiff does not allege any facts in support of his claims that Defendant threatened to seize his property "without proper court proceedings"; threatened to "take an action prohibited by law"; misrepresented the "character, extent, or amount" of his debt or his debt status; or used false or deceptive means to collect the debt.

10

The TDCA focuses not on whether the lender complied with pre-foreclosure notice requirements, but on whether the deed of trust gave the lender a right to non-judicial foreclosure. *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 831 (5th Cir. 2015). The TDCA "does not prevent a debt collector from exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Nolasco v. CitiMortgage, Inc.*, Civ. A. H- 12-1875, 2012 WL 3648414, at *6 (S.D. Tex. Aug. 23, 2012); TEX. FIN. CODE § 392.301(b)(3). Defendant did not violate the TDCA if it "retained its *contractual* right to foreclose and the mortgage was in fact in default." *Rucker*, 806 F.3d at 831 (emphasis in original). Defendant, as assignee of the Deed of Trust (Dkt. 18 at ¶ 11), enjoys a contractual and statutory right to foreclose on the subject property. Dkt. 20-1 at 4; TEX. PROP. CODE § 51.002; *See Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 518 (Tex. App. 2014) (assignee of deed of trust has standing to foreclose). In addition, Plaintiff appears to have been in default on his payment obligations. *See* Dkt. 20 at 10 (loan was due for the June 2017 payment); 16 (noting Plaintiff does not allege he was not in default); *see also* Dkt. 18 at ¶ 26 (alleging he was put into a position that caused his house to go into foreclosure); 36 (conceding the modification was "untenable"). Plaintiff's allegation that he filed for a second loan modification following expiration of the post-Hurricane Harvey forbearance period, and his failure to allege he made any further payments also indicate he was in default. Dkt. 18 at ¶ 24. Plaintiff has failed to plead facts demonstrating he *was not* in default, has pleaded facts indicating he *was* in default, and the Deed of Trust evidences the Defendant's right to foreclose. Thus, Plaintiff has failed to state a claim against Defendant under the TDCA.

In addition, as with all of Plaintiff's claims, Plaintiff cannot demonstrate damages resulting from a TDCA violation because no foreclosure sale has occurred. *See Naranjo v. Univeral Sur. of*

*Am.*, 679 F. Supp. 2d 787, 801 (S.D. Tex. 2010) (recovery under the TDCA requires proof of actual damages and a causal connection between the damages and the TDCA violation). For these reasons, Plaintiff cannot, as a matter of law, state a claim against Defendant for violation of the TDCA and the claim should be dismissed.

### F. Plaintiff's Fraud by Nondisclosure Claim

Texas common law recognizes a claim for fraud when a defendant with a duty to disclose withholds a material fact and the plaintiff is injured as a result of acting without knowledge of the undisclosed fact. *See Bradford v. Vento*, 48 S.W.3d 749, 754-55 (Tex. 2001) ("As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information."). In this case, Plaintiff alleges Defendants failed to disclose that Plaintiff would not be eligible for a future loan modification if he accepted the 12-month forbearance of his loan payments. Dkt. 18 at ¶ 51. Plaintiff further alleges he would not have used insurance proceeds to repair his house had he known he would not be able to modify his mortgage terms after the forbearance period. *Id.*

Again, Plaintiff cannot show he has been damaged by Defendant's alleged non-disclosure. First, no foreclosure has occurred and Plaintiff remains in possession of the property. Second, Paragraph 5 of the Deed of Trust *requires* Plaintiff to apply any insurance proceeds to repair the property. Dkt. 20-1 at 7. Because Plaintiff's legal obligations under the Deed of Trust required him to use the insurance proceeds to repair damage to his home, he cannot prove the Defendant's non-disclosure caused him to do so. Plaintiff has not and cannot allege he was damaged by Defendant's nondisclosure of a material fact and his fraud by non-disclosure claim must be dismissed.[3]

---

[3] To the extent Plaintiff alleges he was damaged because had he known he could not get another loan modification he would have sold his house, this is not a plausible allegation of damages because he concedes he was "upside down"

### G. Allegations Regarding VA Approval

Plaintiff alleges his Veterans Affairs Loan "was not assumable and required VA approval before any subsequent loan modifications[,]" and that to obtain VA approval, the property value must exceed the amount of loan. Dkt. 18 at ¶ 12, 20. Plaintiff further alleges that "at no point in time was the loan modification reviewed and approved by the VA" and the value of the property has not exceeded the amount of the loan since the loan modification. Dkt. 18 at ¶ 20.

It is unclear what cause of action Plaintiff attempts to state by these allegations. However, to the extent Plaintiff is asserting that Defendant lacks standing to foreclose due to the lack VA approval his claim is without merit.[4] The loan documents preclude Plaintiff from transferring his repayment obligations to another party. Dkt. 20-1 at 2, 16 ("NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT."). However, nothing in the loan documents bars the lender or secured party from transferring their right to receive payment to another party. In fact, the loan documents expressly contemplate transfer of the loan and the security interest by identifying MERS, *and its successors and assigns*, as named beneficiaries under the Security Instrument. Dkt. 20-1 at 3, 4 ("[t]he beneficiary of this Security Instrument is "MERS (solely as nominee for Lender and Lender's successors and assigns) *and the successors and assigns of MERS*." (emphasis added)). Furthermore, the Deed of Trust allows the "Note or a partial interest in the Note (together with this Security Instrument) [to] be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer")

---

on the loan, Dkt. 18 at ¶ 20, and public records reflect a federal tax lien on the property in the amount of $98, 894.51, Dkt. 20-2.
[4] *See* Dkt. 18 at ¶ 37 (Defendant "purports to be the mortgage servicer . . .."); ¶ 40 (Defendant acted "in its alleged capacity as "mortgage servicer . . ..").

13

that collects Periodic Payments due and the Note and this Security Instrument . . ..*"* *Id.* at 12. Contrary to Plaintiff's contention, nothing in the loan documents prohibited MERS from assigning its interests to Defendant.

Plaintiff fails to cite any provision in the loan documents requiring a loan modification to be approved by the VA. However, even assuming such a requirement exists,[5] Plaintiff has failed to state a claim for relief based on the lack on VA approval. Plaintiff references these allegations only in connection with his Count Two common law fraud claim. He does not allege the Defendant falsely represented VA approval of the loan modification, or that he relied to his detriment on a representation that the loan modification had received VA approval when he signed it. In addition, because no foreclosure has taken place, Plaintiff cannot allege damages that result from the lack of VA approval. In short, Plaintiff's allegations regarding the need for VA approval do not rectify other deficiencies in his pleading.

## H. Plaintiff's Claims for Exemplary Damages and Attorney's Fees

Because Plaintiff cannot state a plausible claim for relief, there is no basis for a claim for an award of attorneys' fees or exemplary damages under the Texas Civil Practices and Remedies Code or RESPA.

---

[5] A loan guaranteed by the VA may be modified by written agreement between the holder and the borrower *without* pre-approval of the VA if fourteen conditions are met. 38 C.F.R. § 36.4315(a)(1)-(14) (emphasis added). "If a loan fails to meet one or more of the conditions identified in paragraph (a), the holder must submit the loan file to the Secretary for approval before entering into any loan modification agreement." 38 C.F.R. § 36.4315(b). Plaintiff has not explained which of the fourteen conditions of § 36.4315(a)(1)-(14) his November 2014 loan modification does not meet.

### III. CONCLUSION AND RECOMMENDATION

Plaintiff's Amended Complaint fails to state a plausible claim for relief. For the reasons discussed above, the court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 20) be **GRANTED** and this case be **DISMISSED** with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 25, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge